UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM McCALLISTER,  )<br>  )<br>    *Plaintiff*  )<br>  )<br>v.  )<br>  )<br>MICHAEL J. ASTRUE,  )<br>**Commissioner of Social Security,**  )<br>  )<br>    *Defendant*  ) | *No. 2:08-cv-351-GZS* |

### RECOMMENDED DECISION ON PLAINTIFF'S MOTIONS FOR AWARD OF ATTORNEY FEES

The attorney for the plaintiff in this Social Security appeal, having succeeded in obtaining an award of back benefits under Title II of the Social Security Act for his client, seeks an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $16,500 in connection with an award of past due benefits in the amount of $98,354.40. Plaintiff's Motion for Award of § 406(b) Fees ("Motion") (Docket No. 27) at 1. The defendant agrees that this amount is reasonable. Defendant's Response to Plaintiff's Counsel's Motion for an Award of Attorney's Fees Pursuant to Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b) ("Response") (Docket No. 28) at [4]. The attorney has also filed a separate motion for an award of attorney fees in the amount of $10,000 in connection with a separate award of past due benefits in the amount of $50,143. Plaintiff's Attorney's Supplemental Motion for Award of § 406(b) Fees ("Supplemental Motion") (Docket No. 29) at 1. The defendant finds this second request to be excessive, at least when added to the $16,500 already requested. Defendant's Response to Plaintiff's Counsel's Supplemental Motion for an Award of Attorney's Fees Pursuant to Section 206(b) of the Social

1

Security Act, 42 U.S.C. § 406(b) ("Second Response") (Docket No. 30) at [4]. I recommend that the court grant both fee requests.

The cited statute allows an attorney who has successfully represented a Social Security claimant in federal court to receive a "reasonable fee," not to exceed 25 per cent of the claimant's total past-due benefits. 42 U.S.C. § 406(b)(1)(A). If attorney fees are awarded under both this statute and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), as was the case here in the amount of $4,000, Docket Nos. 23 & 24, the attorney must refund to the claimant the smaller of the two. *Lopes v. Secretary of Health & Human Servs.*, No. 92-1734, 1993 WL 83392, at *1 (1st Cir. Mar. 22, 1993). The plaintiff's attorney in this case acknowledges his responsibility to do so. Motion at 10.

With respect to the first request for fees, 25 per cent of the amount of past-due benefits awarded of $98,354.40 is $24,588.60. Motion at 1 n.1; Response at [4] n.3. The plaintiff's attorney took over a claim that had been denied repeatedly by the defendant, Motion at 3-4, and achieved a favorable outcome for his client. The client agreed in a written contingent fee agreement to an award of 25 per cent of the total past-due benefits that he might receive. *Id*. at 2-3. The defendant has withheld the full 25 per cent from the award actually paid to the claimant. *Id.* at 4.

The plaintiff's attorney has submitted all of the necessary documents supporting his request, which is not opposed by the commissioner. This request for less than the 25 per cent ceiling amount is reasonable under the circumstances of this case, and I recommend that the court approve the award requested in the first motion, conditioned upon the return to the plaintiff of the $4,000 EAJA award.

The commissioner begins his opposition to the second request for fees by adding the two requests and comparing the resulting $26,500 with 25% of the total amount of past due benefits awarded to the attorney's client. Second Response at [2]-[3]. While the requested amount is less than the 25% statutory maximum, and the 25% stated in the contract between the plaintiff and the attorney, the commissioner asserts that it is excessive because "this Court has routinely provided that a multiplier of no more than 3 times an attorney's hourly EAJA rate is adequate compensation for § 406(b) fees without raising windfall concerns[,]" and this total requested amount represents a rate about 4.7 times the relevant EAJA fee, based on the time records submitted by the attorney. *Id*. at [3]-[4].

That statement by the defendant was correct until July 20, 2011, when Judge Hornby of this court issued his opinion in *Siraco v. Astrue*, __ F.Supp.2d __, 2011 WL 2899110 (D. Me. July 20, 2011). In that opinion, he rejected this court's "routine" approach to attorney fee requests under section 406(b) as "lodestar" calculations disfavored by *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), and its progeny. 2011 WL 2899110, at *4. He explained that this court's analysis should henceforth begin with the amount requested, and, if that amount does not exceed the statutory ceiling, the lawyers were very successful, and there was no allegation of delay or inadequate representation or that the success was not due to the lawyers' efforts, "[t]hat should be the end of the matter." *Id*.

That framework makes resolution of the dispute over the plaintiff's attorney's second fee request a simple matter. Whether considered as a total sum in combination with the unchallenged first fee request, or as a separate request to be compared with the second award of past due benefits, the supplemental fee request meets the *Siraco* test.

I recommend that the court approve both requests for an award of attorney fees, for a total fee award of $26,500, provided that counsel returns the earlier $4,000 EAJA fee award to the plaintiff.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 5th day of October, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge